PET. EQ.

Case 40.

## Rogers vs. Rogers.

### APPEAL FROM KENTON CIRCUIT.

1. The Chancellor may, even after a trial of a suit is commenced, permit the pleadings to be amended, when it is apparent that the justice of the case requires it; especially where the amendment presents no new fact.

2. Where a party appears to a suit in a court which has jurisdiction of the parties and the subject matter, and contests the right of recovery, and he is adjudged to pay, he cannot, in a subsequent suit founded upon that judgment or decree, raise the question of jurisdiction.

3. The judgments and decrees of sister States are in general conclusive as to rights of the parties, unless there is a want of jurisdiction, or fraud in procuring it, or there has been only constructive service of process, and no appearance by the defendant.

4. The courts of one State have no revisory power over the decisions of another State, and any attempt to exercise such power is a mere nullity.

5. On bill filed in Kentucky the husband was divorced from his wife. Subsequently, in Ohio, a court having jurisdiction of the subject matter and persons, decreed alimony. Held—that the decree of the court of Ohio could not be questioned in this court, in a suit to recover its amount.

The opinion of the court contains a statement of the facts of the case.

*Menzies & Spilman,* for appellant—

1. There is one question of practice reserved for the decision of the court, by an exception to the opinion of the circuit judge in permitting an answer to be filed after the submission of the cause, which answer presents no new fact, but is filed merely to raise a new question of law on the facts appearing, without any reason given for not having previously raised the question.

2. The great question to be settled in this case, and to which all other questions tend, and out of which they grow, is whether the decree of the Court of Common Pleas of Hamilton county, Ohio, is a valid decree, which ought to be enforced in the courts of this State ; and underlying this question is another, viz: was said decree valid and binding in the State of Ohio, where it was rendered? Had said Court of Common Pleas jurisdiction to render said decree, and was it obtained without fraud? If these questions be answered in the affirmative, is there any reason why the decree shall not be enforced in Kentucky?

Whenever the validity of a judgment or decree of a sister State is brought in question in our courts, there is a test, which has hitherto been considered infallible, which the judicial and professional mind applies to determine the question. If on inquiry the judgment is found to be valid in the State where it was rendered, it is beyond doubt valid in all sister States. The constitution of the United States, acts of Congress in persuance thereof, and an overwhelming current of judicial decisions, with no dissenting opinion, among all the enlightened jurists of the country, have so firmly established this position, that as an abstract principle no one would have the temerity to question it. We shall make particular reference only to a few, out of hundreds of authorities that might be cited to this point: *Mills vs. Duryee,* 7

*Cranch,* 481; *Hampton vs. McConnell,* 3 *Wheaton,* 234; *Fields vs. Gibbs,* 1 *Peters,* 155 *and* 78; 13 *Peters,* 312; *Whiting vs. Johnson,* 4 *Dana,* 390; *Roberts vs. Caldwell,* 5 *Ib.* 312; *Fletcher vs. Ferrell,* 9 *Ib.* 377; *Rogers vs. Coleman, Hard.* 413; *Davis vs. Connelly,* 4 *B. Mon.* 136; *Story's Con. of Law,* 609, 1004.

There are only two grounds upon which the judgments of sister States can be questioned when they are properly authenticated, viz: on the ground of fraud in their obtention, and want of jurisdiction in the court which pronounced them : and these objections would be equally available in the States where the judgments were rendered. Is the decree in this case liable to either of these objections? As there is no charge of fraud in obtaining the decree, we will not pursue that point. It is, however, affirmed that the court had no jurisdiction to render it, and yet when we examine, critically, the answer on this point, we cannot understand it as, in fact, a denial of the jurisdiction of the court, for it is not contended that the defendant in that case was not properly before the court, and under its power by due service of process and personal appearance; nor is it contended that the Court of Common Pleas had not general jurisdiction of the subject of divorce and alimony. The record shows that the parties were regularly in court, and that the fact that the court assumed and exercised jurisdiction in the case raises a presumption of jurisdiction, which, unrebutted, would be sufficient before this court. (*Davis vs. Connelly's ex'or,* 4 *B. Mon.* 136, *supra.*) But the statute of Ohio expressly confers on this court jurisdiction, full and complete, over the subject of divorce. But it seems a new mode of questioning the jurisdiction of courts has been invented, and one which seems to us to savor rather more of sophistry than of logic. The well established doctrine, that a decree obtained without fraud, and rendered by a court of competent jurisdiction, so long as it remains unreversed, must be respected, and may be enforced, could not be ques-

tioned. (5 *Dana*, 512; *Ib*. 393; 1 *Peters*' *C. C. Rep.* 346; 12 *Johnson*, 255, 267; 17 *Ib*. 236; 19 *Ib*. 33; 4 *John. Ch. Rep.* 11; *New H. Rep.* 198; 3 *Ib*. 269.)

But the ingenious counsel argue that although the court had jurisdiction of the subject matter of the suit, viz: divorce and alimony, and jurisdiction over the person of the defendant, in a *general* sense, and for any *legitimate* purpose, still for *the special purpose of this decree the* court had not jurisdiction, because the defendant had been previously divorced from the plaintiff, and under the special facts of the case was not entitled to the decree which she obtained. Now we ask whether this sort of logic does not annihilate all destinction between mere errors in judgment and a want of jurisdiction, heretofore recognized by the courts of the country. It is affirmed that by the law of the State of Ohio, under the circumstances of this particular case, the plaintiff was not entitled to alimony ; and the sage conclusion, most logically drawn from the premises, is that the decree is null and void for want of jurisdiction. Upon this principle, is not every erroneous decree void for want of jurisdiction? This court, at every term, is called on to reverse scores of judgments, because by the laws of this State, under the peculiar facts of the cases, the successful party is not entitled to the judgment rendered in his favor , but does it ever occur to this court that those errors ever involve the question of jurisdiction? The proposition does not require elaboration. (*Wilson vs. Hobday*, 2 *M. & S.* 120.)

But let us inquire what is the true test of jurisdiction, as it regards the subject matter of the controversy. Jurisdiction is the right to hear and determine a cause. (*United States vs. Arredondo*, 6 *Peters*, 691.) Now what presentation of the cause controls the question of jurisdiction, the complaint, or the defense? We answer that jurisdiction is to be determined, as regards the nature of the thing in controversy, by the character of the *suit*. The *defense* which may exist has nothing to do in determining the juris-

diction. (*Boone vs. Poindexter*, 12 *Smeades & Marshall*, 640.) It was for the purpose of applying this test that we introduce the bill of Mrs. Rogers filed in the Court of Common Pleas. Let that bill be subjected to the most scrutinizing examination, and we defy the shrewdest intellect to detect anything in it, which could raise the shadow of a doubt as to the question of jurisdiction. The court then, having obtained jurisdiction upon *her complaint*, could not have been ousted of that jurisdiction, no matter what had been the character of the defense; for a court having obtained jurisdiction of a cause, has a right to try every question arising in it, and such decision is final until reversed. (*Evans vs. Percival*, 5 *Pike*, 424.)

Late in the progress of the cause in the Circuit Court, the question of jurisdiction seems to wane, and the battle changes front. After the cause had passed into the hands of the court for consideration, under a regular order of submission, we are surprised by an amended answer, relying on the decree of the Kenton Circuit Court of April, 1845, as a bar to the relief sought in this suit.

The circuit judge decided against the claim of the appellant, but has failed to designate the particular objection to enforcing the decree of the Court of Common Pleas of Ohio—whether he regards the decree as erroneous or as void. Now it must be in his opinion either the one or the other, as it is not charged to have been fraudulently obtained, or it could not with propriety be rejected as unenforcible.

It is said by the court, that the judge in Ohio disregarded the decree of Kentucky of April, 1845. There is nothing in the decree in Ohio to that effect. On the contrary, it is cited and treated with the appropriate respect, and full force and effect given to it as far as it went or pretended to go in disposing of the controversy then at issue between the parties, but recognized the existence of the fact that no claim

for alimony was adjudicated upon by the court of Kentucky in 1845, when the divorce was granted to the husband; and, giving full force and effect to the decree in Kentucky between the parties, proceeded to decide what was not in issue between them when that decree was rendered in Kentucky, but then brought up for decision before the court of Ohio. But the judge in Ohio and the judge who decided this case differ as to the effect of the decree of 1845—the judge in Ohio being of opinion that the question of alimony was an open question, and a proper subject of litigation and adjudication between the parties, the judge in Kentucky considering that the right to alimony was incidentally settled and barred by the decree for divorce, and that the opinion of the Court of Common Pleas was erroneous not only by the laws of Kentucky, but by that of Ohio. Matters only incidentally or collaterally cognizable are not conclusively settled by a judgment. (*Lawrence vs. Hunt*, 10 *Wendell*, 86; *Jackson vs. Wood*, 3 *Ib*. 27.)

If it be admitted that the opinion of the Circuit Court is correct, and that of the Common Pleas erroneous, does it follow that the decree of the Ohio court is void? Certainly not. This was a legal question, duly presented in the case, and solemnly considered, and, as we are bound to believe, honestly decided by a court of competent jurisdiction in a regular adjudication, and this decree has not been reversed or vacated. Of what avail therefore is all the complaint of this decision being erroneous, under the law of one State or the other? Had not the Court of Common Pleas a right to decide the question? Was it not fairly presented for adjudication? And does not the right to adjudicate necessarily involve *judicial power*, and the rightful authority to decide either way? And does not the decision carry with it the same judicial authority, whether it be decided one way or the other? Litigation would be the sheerest mockery and courts of justice a solemn

farce were it otherwise. The whole theory of appellant tribunals is based upon the admission that judgments and decrees rendered in the course of judicial proceedings, no matter how erroneous, are valid until reversed; otherwise, instead of appealing from them, they might be disregarded and treated as nullities. But the Circuit Court seems to suppose that the error in this case was peculiarly fatal, because it consisted in misapprehending the legal effect of the prior decree. But we cannot see the force of this position, unless coupled with it there is evidence of a willful breach of commity between the States, and disrespect to the judgment of a sister State, which would amount to a fraud upon the rights of the parties.

The case presents the naked question, whether the appellee has now the right to avoid a decree of the Common Pleas of Ohio, by again setting up and relying upon facts, which, if they constitute any defense, were properly pleadable in that suit, and which in fact were presented as matters of defense in that suit, and considered and adjudicated on in the very case, and that without showing either fraud or want of jurisdiction.

We think the plaintiff is precluded from relying on this as matter of defense now, not only because it has been set up in a former suit, but because it *was actually* so presented. The question is concluded by that adjudication, and cannot again be legitimately made.

It has been authoritatively settled, that when a party pleads to the jurisdiction of a court, so as to have the particular question litigated in the suit, the decision of the court is conclusive upon the parties until reversed by a superior court. (*State vs. Scott*, 1 *Barley*, 294.) And if a party submit to a jurisdiction, he cannot afterwards question it. (*Wilson vs. Hobday*, 2 *M. & S.* 120.) If, then, an adjudication upon a question of jurisdiction concludes the party, why should it not, by a parity of reason, or, rather, a *forti-*

*ori*, conclude him upon any other question put in issue and decided judicially.

We feel confident the Circuit Court erred in treating the Ohio decree as a void decree, and refusing to aid in enforcing it, and therefore respectfully ask that the judgment of the Circuit Court be reversed.

*W. B. Kinkead,* for appellee—

Upon a bill filed in the Court of Common Pleas for the State of Ohio, Margaret Rogers, the appellant, claimed alimony of her former husband, Melancthon Rogers, who had been previously divorced from her by a decree of a court of competent jurisdiction in the State of Kentucky. Melancthon Rogers appeared to that suit and relied upon the decree of the court in Kentucky, granting the divorce, as a bar to the action. Upon final hearing in that suit, the court decreed the alimony claimed, to the amount of $3,000, payable in installments. The case was taken to the Court of Appeals of Ohio, and there dismissed for want of jurisdiction. Upon this decree of Ohio, the appellant brought her petition in the Kenton Circuit Court, and seeks to enforce the same by attachment and sale of appellee's real estate.

The appellee plead and relied upon the want of jurisdiction of the Court of Common Pleas in Ohio to render any such decree as that sought to be enforced, and that the same was a nullity. The circuit judge dismissed the petition.

It is not important to investigate the testimony in the Kenton Circuit Court, though it is believed, if the court will look into the record of that case, the decree will be found to be justified by the proof. This decree was rendered upon full hearing and full investigation, and conducted on the part of appellant by able counsel. It appeared that the parties had been married in Kentucky, and that appellee was a resident of Kentucky when he filed his bill. That the court had jurisdiction of the case, and that the conduct of the appellant was such as entitled the appel-

lee to the divorce which was decreed by the court, thereby dissolving the marriage contract as far as appellee was concerned, and restoring him to all his rights and privileges as an unmarried man. By this decree, it is insisted that the appellee was freed from all marital obligations to the appellant, as though the marriage had never been solemnized. The contract was thus dissolved and annulled; he was no longer bound for her maintenance. By her act and the judgment of the court she was not entitled to alimony out of his estate, and her right of dower was gone. The fact of the decree of divorce in Kentucky settled all matters between the parties, as far as appellee was concerned. This decree was rendered on the ground, alone, of fault in the appellant, and such fault as would preclude her from all right to alimony out of the estate of her husband. Such was the situation of the parties, and such the law of the case, as settled by the Kenton Circuit Court, when the appellant filed her bill in the Court of Common Pleas of Hamilton county, Ohio, for alimony.

This decree was relied upon by the appellee in the Hamilton Court of Common Pleas. The complete record of the case in the Kenton Circuit Court was exhibited to that court, and that court, in the face of all this, not intimating that there was any fraud or unfairness in obtaining the decree of the Kenton Circuit Court, or that the Kenton Circuit Court had no jurisdiction, but alone upon the idea that the appellant was without any provision for support, decreed that Melancthon Rogers, (who was then no more bound for appellant than any other man or a mere stranger,) should pay her $3,000 for her support, as alimony. The Ohio court re-tries the question, which had, upon full investigation, been tried in Kentucky, and gave a different judgment; and now, the same court of Kenton county is invoked to aid in the enforcement of that judgment.

The trial and decision of the divorce case in Kentucky, settled all matters incident thereto; and appellee was as fully exonerated from all obligation to

appellant, as if none had ever existed.   As well might the court have made her an allowance out of the estate of a stranger.   Surely, such a decree cannot be respected by any other tribunal.

The decree of the divorce of the Kenton court being unreversed, was a complete bar to any proceeding between the same parties on the same subject matter. (See 9 *Peters*, 8 ; 6 *Wheat.* 109 ; 5 *Con. Rep.* 33.)

In the case of *Fishli vs. Fishli*, 1 *Blackford*, 160, it is decided by the Supreme Court of Indiana that where a wife obtained in Kentucky a decree of divorce, with an allowance for alimony of a certain sum of money, and the use for life of one-third of her husband's real property, within that State, that though the maintenance was inadequate, she could make no application for an additional allowance in another State; that whenever a matter is finally determined by a competent tribunal, it is at rest forever ; and this principle embraces not only what was actually determined, but every matter which the parties might have litigated in the cause ; and further, that alimony may be given incidentally, as under a divorce under a statute, but no court has original jurisdiction to allow it ; hence, if an adequate provision is not made by the court granting the divorce, no other court can supply the deficiency.

This case having been settled between the parties, by the decree of divorce, in the Kenton Circuit Court, no other court could give alimony.   In the case of *Cooper vs. Cooper*, 7 *Ohio Rep.*, the defendant, who was a resident of Indiana, had applied to the proper judicial tribunal of that State, and by its determination divorced from the petitioner.   She, in the court of Ohio, applied for a divorce.   The court of Ohio say : "Before this court can proceed to dissolve the marriage contract, there must be proof that there is a subsisting marriage contract.   In this case it is stated that the defendant has been divorced from the petitioner in the State of Indiana, and it is not shown

but that the proceeding was regular and fair." By
the statutes of Indiana, it seems that decrees for di-
vorce in behalf of one of the parties operates as a com-
plete dissolution of the marriage contract, and both
parties completely liberated, as though there had
been no marriage solemnized between them. The
effect of a divorce is the same in our State. And if,
under our laws, upon the application of the husband,
a divorce shall be decreed, it cannot be held that a
subsequent application by the wife could be sustain-
ed. She is already freed from the obligation of the
marriage contract, so far as human laws can release
her. Was not, then, Melancthon Rogers, by the de-
cree in Kentucky, according to the laws of Ohio, as
settled in this case, as completely freed from all mar-
ital obligations to appellant as human laws could re-
lease him? and if so, the judgment of any other
State, based upon such cancelled obligation, would,
when sought to be enforced, be barred by such judg-
ment destroying the obligation.

But it is insisted that the judgment of the Common
Pleas of Ohio is erroneous, but not void, and that by the
constitution of the United States it is declared, "that
full faith and credit shall be given in each State to
the public acts and judicial proceedings of every
other State." And it is contended that the Court of
Common Pleas of Hamilton county, Ohio, had juris-
diction of the parties and the subject matter in con-
troversy between them, and that under the constitu-
tion of the United States that judgment cannot be
inquired into. There is, it is true, much conflict in
the decisions of the courts as to the effect of a judg-
ment of a State court in the courts of sister States.
There seems to be distinction between foreign judg-
ments and a judgment of a sister State; but it never
was the intention to place them on an equal footing
with domestic judgments, but only to allow them
such force as they have in the State where rendered
as foreign judgments. (*Story's Conflict of Laws, sec.*
609.)

The court of Ohio has, in disregard of the decree of the courts of Kentucky, given a decree against the appellee, and now the court of Kentucky is called upon to enforce that judgment of Ohio. Will she do it, or respect her own judgment? She will respect her own judgment. (See *Borden vs. Fitch*, 15 *Johnson*, 145.)

But we contend for appellee that the decree of Ohio, sought to be enforced, is void, and that there existed no such relation between the appellant and appellee as would authorize the Court of Common Pleas to take cognizance of the cause. The record of the case between the parties in Kentucky showed that their relation had been dissolved, and the laws of Ohio settled the question that all obligation on the part appellee was discontinued; and the court had no right to take cognizance of the claim.

By way of recapitulation it is contended for appellee:

1. That the judgment or decree of divorce in Kenton between the parties was final, and settled all questions between them, and is a complete bar to any other suit founded on a judgment of a sister State, in conflict with the first decree.

2. That the constitution and act of Congress did not intend to give equal consideration, and of consequence not greater consideration to the judgment or law of a sister State, than the judgments or laws of the States where they might be sought to be enforced.

3. That the Court of Common Pleas of Ohio had no jurisdiction to render the decree sought to be enforced, and that said decree is wholly void, and the Circuit Court decided correctly. (See *Bishop on Marriage and Divorce*, sec. 549, 700.)

Judge SIMPSON delivered the opinion of the Court—

January 19.

In 1843 Melancthon Rogers exhibited his bill in chancery in the Kenton Circuit Court, in this State, to obtain a divorce from his wife, Margaret Rogers, on the alleged ground of abandonment. She ap-

peared and filed her answer, in which she admitted
that she had left her husband's house, but attempted
to justify herself in so doing upon the ground of cruel
and inhuman treatment on his part; and denied that
she had absented herself with the intention of aban-
doning him.

The cause was prepared and tried upon this state
of pleading, and in 1845 a decree was rendered in
favor of the husband, by which the marriage con-
tract between the parties was dissolved, and he was
divorced from his wife, and restored to all the rights
and privileges of an unmarried man.

Both parties having subsequently become residents
of the State of Ohio, Margaret Rogers filed her bill
in the Court of Common Pleas of Hamilton county,
in that State, against Melancthon Rogers, setting
forth their marriage, alleging extreme cruelty, gross
neglect of duty, and abandonment on his part for
more than three years, and praying for a divorce from,
and a decree against him for a provision for her fu-
ture comfort and support, out of the estate and future
earnings of the defendant. She alleged in her bill,
she had been informed that in 1843, when the parties
were both residents of the State of Ohio, her husband,
upon a pretended residence in the State of Kentucky,
had instituted a suit in the Kenton Circuit Court, in
said State, to be divorced from her, and that he
claimed to have obtained a decree of divorce in that
suit, but she charged that if any such decree had
been obtained by him that it was procured by fraud,
inasmuch as he was not, when he brought his suit, a
resident of the State of Kentucky, but of the State
of Ohio.

Melancthon Rogers answered her bill, and admit-
ted the marriage and separation, denied the mis-
treatment imputed to him, and set up and relied
upon the decree of the Kenton Circuit Court, in the
State of Kentucky, as a bar to the relief prayed
for by her. He averred that said decree was fairly
obtained, both parties having been fully heard, and

insisted that he resided in the State of Kentucky when the suit was instituted in which the decree was rendered.

The Court of Common Pleas in Ohio pronounced a decree in that cause, and therein decided that the parties had been divorced by a Court of competent jurisdiction, lawfully and without fraud, but inasmuch as the decree of the court which granted the divorce had made no provision out of the estate of the husband for the support and maintenance of the wife, and the propriety of so doing had not been adjudicated upon in that case, that the husband should pay to his wife, for that purpose, the sum of three thousand dollars, in certain specified installments of five hundred dollars each, and decreed accordingly.

That money not having been collected in the State of Ohio, this action was brought in the Kenton Circuit Court, in this State, upon that decree, to subject to its payment some real estate which belongs to Melancthon Rogers, in the State of Kentucky. The defendant set up and relied upon the first decree between the parties, by which he was divorced from the plaintiff, and insisted that the court in Ohio that rendered the last decree had no jurisdiction over the subject matter, and that consequently the decree was void.

The court below, upon final hearing, dismissed the plaintiff's petition, and she has appealed to this court.

A preliminary question has been made in regard to the action of the court in permitting the defendant to file an amended answer, after the cause had been submitted. We have no doubt that the Circuit Court may, even after the trial of an equitable action has commenced, permit the pleadings to be amended, where it is apparent that the justice of the case requires it to be done. But in the present case, it does not appear that the trial had commenced when the amendment objected to was permitted to be made. The entries upon the record are somewhat inconsist-

1. The Chancellor may, even after a trial of a suit is commenced, permit the pleadings to be amended, when it is apparent that the justice of the case requires it; especially where the amendment presents no new fact.

ROGERS
*vs.*
ROGERS.

ent.  On the 5th day of October, 1853, an order was made that the cause be submitted; on the 12th day of the same month it was ordered that the cause be set for trial on Wednesday next; on the 19th of the same month the defendant was allowed to amend his answer, to which the plaintiff excepted.  Now these entries do not show that the trial had commenced when the amended answer was filed; and as the amendment really presented no new facts, but only pleaded in bar, and thereby relied, in a different form of defense, upon the same matters which had been previously alleged in his answer, the plaintiff was not prejudiced by the amendment, nor did the court err in allowing it to be made.

2. Where a party appears to a suit in a court which has jurisdiction of the parties and the subject matter, and contests the right of recovery, and he is adjudged to pay, he cannot, in a subsequent suit founded upon that judgment or decree, raise the question of jurisdiction.

But the principal question in the case is in relation to the validity and effect of the decree rendered in the State of Ohio.  That decree is objected to upon the ground that the court had no jurisdiction over the subject matter upon which it adjudicated.  As, however, the defendant appeared and contested the claim asserted by the complainant, and the Court of Common Pleas in the State of Ohio had full and complete jurisdiction of the subject of divorce and alimony, as appears by the Statute Law of that State, the court had jurisdiction both of the person and the subject matter, and there does not seem to be any foundation whatever for this objection to the decree.

3. The judgment, and decrees of sister States are in general conclusive as to rights of the parties, unless there is a want of jurisdiction, or fraud in procuring it, or there has been only constructive service of process, and no appearance by the defendant.

The judgment or decree of a sister State, is, as a general rule, conclusive as to the rights of the parties, unless there be a want of jurisdiction in the court pronouncing it, or fraud has been practiced in its procurement, or there has not been any, or only constructive service of process on the defendant, and the proceedings have been carried on without his appearance.  But it is contended that the decree sought to be enforced in this case, was rendered by the court, in the State of Ohio, in utter disregard of a previous decision of the same matters, between the same parties, made by a court of competent jurisdiction in this State, and that, therefore, it ought

not to be enforced, or considered, in the courts of this State, as having any validity whatever.

If the decree which had been pronounced, in the suit between these parties in the Kenton Circuit Court, in this State, was thus comprehensive, and had the legal effect attributed to it in this argument, then it would seem to follow that so far as the court in Ohio undertook to modify or change it, its action was revisory, it was exercising an appellate jurisdiction which did not belong to it; and consequently its decree was void for the want of jurisdiction.

We suppose the position will not be controverted, that so far as the courts of any of the States might attempt to change or alter the judgments or decrees of another State, upon the ground that the decision of the case was erroneous, they would be assuming the exercise of a jurisdiction that does not belong to them, and their action in the premises would be wholly invalid.

In illustration of this principle, we will suppose that an issue had been made, and fairly tried in a court of competent jurisdiction in this State, and a final judgment rendered between the parties on the matters involved in the issue, and that afterwards one of the parties had attempted to re-litigate the same matters, between the same parties, in one of the courts of a sister State having jurisdiction in similar cases, and the court there should permit it to be done, and should render a judgement in conflict with the one which had been previously rendered by the court in this State. Would such a judgment be valid in either State? Would not the court that rendered it have virtually assumed, in sustaining the right of one of the parties to re-try the same matters, which had been previously decided, a revisory jurisdiction over the judgment of a court of another State? The power to re-litigate the same matters might not be expressly put upon this ground; but a court that undertakes to do it, does, in effect,

ROGERS
vs.
ROGERS.

4. The courts of one State have no revisory power over the decisions of another State, and any attempt to exercise such power is a mere nullity.

assume an authority which can only be legitimately exercised by a court having some jurisdiction over the judgment first rendered. As no such jurisdiction is vested in the courts of any of the States, over the judgments rendered by the courts of other States, it follows that its assumption would be unauthorized, and the action of the court in its exercise utterly void and unlawful.

But while the correctness of this doctrine is conceded, its applicability in the present case is the point to be determined. In considering this question, it becomes material to inquire what were the matters involved in the issue in the first suit between these parties, which was decided in the Kenton Circuit Court in this State. In that suit the husband claimed a divorce upon the grounds of abandonment by the wife. The latter denied the abandonment, and resisted the relief sought for by the former. Nothing was alleged by either party in relation to the husband's estate, nor was there any claim for a portion thereof presented by the wife, in the event that the husband should succeed in obtaining a divorce. Her right to it, in that event, was not, therefore, put in issue, nor decided by the court, unless the decree which was rendered, granting a divorce to the husband, had the legal effect attributed to it, of absolving the husband and his estate from all liability to contribute anything towards the support of the wife.

The statute which was in force at the time that suit was commenced, and which governed the proceedings therein, required the court pronouncing the decree of divorce "to regulate and order the division of the estate, real and personal, in such way as should seem just and right, having due regard to each party, and the children, if any." (1 *vol. Stat. Law, page* 123.) The right of either party, under this statute, to a portion of the estate, did not depend upon the granting of the divorce to the other party, but upon various other matters, which it was proper

for the court to consider; such as the nature of the cause for the divorce, the amount of the husband's estate, the value of the property acquired by him in right of the wife, and other facts and circumstances which might properly influence a decision of the question. None of these matters were presented for the consideration of the court or acted upon by it. The wife could undoubtedly, after the decree was rendered, have proceeded, at least during the same term, by a petition to the court, in the nature of a supplemental cross-bill, to have presented a claim to a portion of the estate of the husband, for her support; her right to which the court would still have had the power to decide, notwithstanding a divorce had been granted. It was the decree for the divorce that created a cause for the presentation of such a claim. The necessity for it had no existence, until the divorce was granted.

Whether the wife, having failed to present her claim for a portion of the husband's estate, to the court granting the divorce, would be thereby precluded from asserting it, in a subsequent action against the husband, it is unnecessary to determine. It is sufficient, for the purposes of the present inquiry, that the matter was not *res adjudicata*, and consequently that the court in Ohio, in the decree which it rendered, did not undertake to re-try an issue which had been previously decided by a court of competent jurisdiction in this State. If it were conceded that the wife, by her failure to present her claim to a portion of the estate of the husband, in the suit in which the divorce was granted, ought to be thereby precluded from asserting it in another action, it would not follow that the decree rendered by the court in Ohio, would, for that reason, be invalid, or be void for want of jurisdiction. The most that could be urged against it on that ground, would be, that it was erroneous. Until reversed, however, or if it be irreversible, it is entitled to the same consid-

ROGERS
vs.
ROGERS.

5. On bill filed in Kentucky the husband was divorced from his wife. Subsequently, in Ohio, a court having jurisdiction of the subject matter and persons, decreed alimony. Held —that the decree of the court of Ohio could not be questioned in this court, in a suit to recover its amount.

eration, and has the same legal force and effect of any other valid decree.

The Court of Common Pleas in the State of Ohio, decided that as the claim of the wife to a portion of the husband's estate had not been put in issue by the parties, nor adjudicated upon by the court that granted the divorce, the decree rendered in that case was not a bar to the suit then prosecuted by her. That court did not, however, undertake to re-try any matter that had been litigated in that suit between the parties, nor to revise the decree, nor to exercise any power or jurisdiction over any part of the proceedings therein. If it erroneously decided the question, whether that decree ought to preclude the wife from obtaining any relief in the suit she was then prosecuting against the husband, and thus failed to give as much effect to the decree as it was legally entitled to, that did not render its decree invalid. It still remains in full force, and being a decree of a court of competent jurisdiction in a sister State, pronounced in a suit in which the court had jurisdiction over the subject matter, and in which the defendant appeared, it is entitled to the same effect it would be, had it been rendered in a court of competent jurisdiction in our own State. Whether a decree is erroneous, is not a legitimate inquiry in a suit brought for its enforcement. This matter can be only investigated and determined by a court having a revisory jurisdiction. The courts in this State have no more power over the judgments and decrees of the courts of another State, than the courts of that State have over the judgments of this State; and, consequently, cannot institute an inquiry for the purpose of determining whether or not such a decree is erroneous. If it be not void for the want of jurisdiction in the court, either over the subject matter or the person of the defendant, or because it has been fraudulently procured, or that the same matters had been previously litigated between the same parties, in a court of this State, then it must be respect-

ed, and treated as a valid decree. ' The decree set up and relied upon in this case, cannot, as we have seen, be objected to on this ground, and should, therefore, have been enforced by the court below, by giving to the plaintiff the relief prayed for.

Wherefore the judgment of the Circuit Court is reversed, and cause remanded that a judgment may be rendered in conformity with this opinion.